UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

VICTOR RUIZ,

    Plaintiff

v.

JUDGE ALVIN KACIN, et al.

    Defendants

Case No.: 3:23-cv-00296-RCJ-CSD

**Order**

Plaintiff, who is an inmate in custody of the Elko County Jail, has filed an application to proceed *in forma pauperis* (IFP), and a civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF Nos. 1-1, 6.)

When a prisoner brings a civil action IFP, the prisoner is still required to pay the full amount of the filing fee. The court is required to assess, and when funds exist, collect an initial partial payment of 20 percent of the greater of: (A) the average monthly deposits in the prisoner's account or (B) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint. Thereafter, whenever the prisoner's account exceeds $10, the prisoner must make monthly payments of 20 percent of the preceding month's income credited to the prisoners account until the filing fees are paid. The funds are to be forwarded by the agency having custody of the prisoner. 28 U.S.C. § 1915(b)(1), (2).

The regular filing fee is $402, consisting of the $350 filing fee and a $52 administrative fee. If an inmate does not qualify for IFP status, he must pay the full $402 filing fee. If the

inmate qualifies for IFP status, the $52 administrative fee is waived, and the inmate will only pay the $350 filing fee over time.

Once Plaintiff has filed his completed IFP application and financial certificate or paid the filing fee, the court will screen the civil rights complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) or 28 U.S.C. § 1915A, or both. Both require dismissal of a complaint, or any portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. If the complaint is dismissed on screening, there will be no refund of the filing fee, and an inmate proceeding IFP is still required to pay the $350 filing fee over time.

The court notes that Plaintiff is suing Elko Judge Alvin Kacin, Elko Judge Soderquist, and his court appointed attorney, Spencer Judd, regarding his underlying criminal case. He also mentions another court appointed attorney, Diana Hillenwaart. He appears to assert claims for ineffective assistance of counsel against them. He alleges that Judge Soderquist denied his request for a speedy trial, and during sentencing, he believes that Judge Kacin retaliated against him for insulting Judge Soderquist.

To the extent Plaintiff brings this suit under section 1983, it would likely be dismissed. Judges have absolute immunity for acts performed in their official capacity, and court appointed attorneys are not state actors that may be sued under section 1983. *See In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002); *Szijarto v. Legeman*, 466 F.2d 864 (9th Cir. 1972) (per curiam). In that case, he would still be responsible for paying the $350 filing fee over time even if he is granted IFP status.

Alternatively, if Plaintiff is challenging the fact of or duration of his confinement, as it appears from the complaint he may be, such a claim is cognizable only through a petition for writ

of habeas corpus after exhausting applicable state remedies. Moreover, a Sixth Amendment ineffective assistance of counsel claim must be raised in a direct appeal, post-conviction or habeas proceeding, and not in a section 1983 action. For a habeas petition, the filing fee is $5 and there is no administrative fee. If the plaintiff is granted leave to proceed IFP in a habeas action, the plaintiff is not required to pay any portion of the fee. If the plaintiff is not granted leave to proceed IFP, the plaintiff must pay the $5 fee in one payment and not in installments.

The court will defer addressing Plaintiff's IFP application until he advises the court whether he intends to proceed under section 1983 or with a habeas petition.

Finally, the court notes that Plaintiff has filed several other lawsuits that appear to be duplicative of the allegations asserted in this action: 3:23-cv-00282-MMD-CSD and 3:23-cv-00317-ART-CSD. It is likely some of these actions or claims within them may be dismissed as duplicative, and Plaintiff is cautioned to refrain from filing further duplicative lawsuits. *See M.M. v. Lafayette School District*, 681 F.3d 1082, 1091 (9th Cir. 2012) (citation omitted) ("[A] district court has broad discretion to control its own docket, and that includes the power to dismiss duplicative claims.").

Plaintiff shall file a notice within **21 days** of the date of this order advising the court whether he intends to proceed under section 1983 or if he is challenging the fact of or duration of his confinement. If he is challenging the fact of or duration of his confinement, the court will dismiss this action without prejudice and deny the current IFP application without prejudice, and will send Plaintiff the instructions for and application to proceed IFP in a habeas action.

If Plaintiff does wish to proceed under section 1983, the court will address his IFP application and screen his complaint.

**IT IS SO ORDERED**.

Dated: August 7, 2023

_____
Craig S. Denney
United States Magistrate Judge

4