UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| VICTOR RUIZ,<br><br>　　　Plaintiff<br><br>v.<br><br>ALVIN KACIN, et al.,<br><br>　　　Defendants | Case No.: 3:23-cv-00296-RCJ-CSD<br><br>**REPORT & RECOMMENDATION**<br><br>Re: ECF Nos. 1-1, 6, 8, |

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

**I. BACKGROUND**

Plaintiff, who is an inmate in custody of the Elko County Jail, filed an application to proceed *in forma pauperis* (IFP), and a civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF Nos. 1-1, 6.)

On August 7, 2023, the court issued an order noting that Plaintiff is suing Elko Judge Alvin Kacin, Elko Judge Soderquist, and his court appointed attorney, Spencer Judd, regarding his underlying criminal case. He also mentions another court appointed attorney, Diana Hillenwaart. He appears to assert claims for ineffective assistance of counsel against the attorneys. He avers that Judge Soderquist denied his request for a speedy trial, and during sentencing, he believes that Judge Kacin retaliated against him for insulting Judge Soderquist. The court advised Plaintiff that to the extent he brings his lawsuit under 42 U.S.C. § 1983, for the alleged violation of his civil rights, his lawsuit will likely be dismissed. This is because judges

have absolute immunity for acts performed in their official duty, such as the alleged denial of a request for speedy trial. In addition, court appointed attorneys are not state actors that may be sued under section 1983. (ECF No. 7.)

If, alternatively, Plaintiff is not suing for damages for the alleged violation of his civil rights, but instead is challenging the fact of or duration of his confinement in jail, such a claim can only be brought through a petition for writ of habeas corpus after he exhausts applicable state remedies. For a habeas petition, the filing fee is $5, and if Plaintiff is granted leave to proceed IFP in a habeas action, he is not required to pay any portion of the fee. (*Id*.)

Plaintiff was ordered to advise the court within 21 days if he intended to proceed under section 1983 for the alleged violation of his civil rights or with a habeas petition. Plaintiff was also cautioned that he has several other lawsuits that appear to be duplicative of the allegations asserted in this action (3:23-cv-00282-MMD-CSD and 3:23-cv-00317-ART-CSD), and that may be an additional basis for dismissal of this action. (*Id*.)

On August 7, 2023, Plaintiff filed a second application for leave to proceed IFP. (ECF No. 8.) In this second IFP application, he again checks the box that he is proceeding under 42 U.S.C. § 1983. (ECF No. 8.) The court interprets this to mean Plaintiff has elected to proceed under 42 U.S.C. § 1983, and not with a habeas petition. The court will now address his IFP applications and screen his complaint.

When a prisoner brings a civil action IFP, the prisoner is still required to pay the full amount of the filing fee. The court is required to assess, and when funds exist, collect an initial partial payment of 20 percent of the greater of: (A) the average monthly deposits in the prisoner's account or (B) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint. Thereafter, whenever the

prisoner's account exceeds $10, the prisoner must make monthly payments of 20 percent of the preceding month's income credited to the prisoners account until the filing fees are paid. The funds are to be forwarded by the agency having custody of the prisoner. 28 U.S.C. § 1915(b)(1), (2).

The regular filing fee is $402, consisting of the $350 filing fee and a $52 administrative fee. If an inmate does not qualify for IFP status, he must pay the full $402 filing fee. If the inmate qualifies for IFP status, the $52 administrative fee is waived, and the inmate will only pay the $350 filing fee over time.

Once Plaintiff has filed his completed IFP application and financial certificate or paid the filing fee, the court will screen the civil rights complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) or 28 U.S.C. § 1915A, or both. Both require dismissal of a complaint, or any portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. If the complaint is dismissed on screening, there will be no refund of the filing fee, and an inmate proceeding IFP is still required to pay the $350 filing fee over time.

## II. IFP APPLICATION

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP].

3

The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

An inmate submitting an application to proceed IFP must also "submit a certificate from the institution certifying the amount of funds currently held in the applicant's trust account at the institution and the net deposits in the applicant's account for the six months prior to the date of submission of the application." LSR 1-2; *see also* 28 U.S.C. § 1915(a)(2). If the inmate has been at the institution for less than six months, "the certificate must show the account's activity for this shortened period." LSR 1-2.

If a prisoner brings a civil action IFP, the prisoner is still required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). The court will assess and collect (when funds exist) an initial partial filing fee that is calculated as 20 percent of the greater of the average monthly deposits or the average monthly balance for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A)-(B). After the initial partial filing fee is paid, the prisoner is required to make monthly payments equal to 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency that has custody of the prisoner will forward payments from the prisoner's account to the court clerk each time the account exceeds $10 until the filing fees are paid. 28 U.S.C. § 1915(b)(2).

The court will address the later filed IFP application. (ECF No. 8.)

    Plaintiff's certified account statement indicates that his average monthly balance for the last six months was $0, and his average monthly deposits were $0.

    Plaintiff's application to proceed IFP should be granted. Plaintiff should not be required to pay an initial partial filing fee; however, whenever his prison account exceeds $10, he must make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the $350 filing fee is paid.

    His first IFP application (ECF No. 6) should be denied as moot.

### III. SCREENING

**A. Standard**

    Under the statute governing IFP proceedings, "the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

    In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

    Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and

28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a complaint under these statutes, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

///

///

6

**B. Plaintiff's Complaint**

Plaintiff sues Elko Judge Alvin Kacin, Elko Judge Soderquist, and his court appointed attorney, Spencer Judd, regarding his underlying criminal case. He also mentions another court appointed attorney, Diana Hillenwaart. He appears to assert claims for ineffective assistance of counsel against the attorneys. In addition, he alleges that Judge Soderquist denied his request for a speedy trial, and during sentencing, he believes that Judge Kacin retaliated against him for insulting Judge Soderquist.

Judges have absolute immunity for acts performed in their official capacity as alleged here, and court appointed attorneys are not state actors that may be sued under section 1983. *See In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002); *Szijarto v. Legeman*, 466 F.2d 864 (9th Cir. 1972) (per curiam). Plaintiff fails to state a claim upon which relief may be granted and amendment would be fruitless; therefore, Plaintiff's complaint should be dismissed with prejudice.

## IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order:

(1) **GRANTING** Plaintiff's IFP application (ECF No. 8) and **DENYING** his first IFP application (ECF No. 6) as **MOOT**. Plaintiff should not be required to pay an initial partial filing fee; however, whenever his prison account exceeds $10, he is required to make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the full $350 filing fee is paid. This is required even if the action is dismissed, or is otherwise unsuccessful. The Clerk should be directed to **SEND** a copy of an order adopting and accepting this Report and Recommendation to the

attention of **Chief of Inmate Services for the Elko County Jail**, 775 West Silver Street, Elko, NV 89801.

(2) The complaint (ECF No. 1-1) should be **FILED**.

(3) The action should be **DISMISSED WITH PREJUDICE** for failure to state a claim.

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: October 20, 2023

_____
Craig S. Denney
United States Magistrate Judge